NOT YET SCHEDULED FOR ORAL ARGUMENT

U.S. COURT OF APPEALS FOR THE
DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Valero Renewable Fuels Company, LLC and Diamond Alternative Energy, LLC,<br><br>Petitioners,<br><br>v.<br><br>U.S. Environmental Protection Agency,<br><br>Respondent. | Nos. 25-1078, 25-1082, and 25-1085 |

**EPA's Motion to Hold Cases in Abeyance**

As ordered by the Court on August 8, 2025, EPA files this motion to govern. The agency requests that these consolidated cases be kept in abeyance pending the Ninth Circuit's decision on a motion to dismiss cases challenging the same waiver at dispute here. Petitioners consent to the relief requested. Movant-intervenor states and public-interest groups reserve their right to respond until they see the motion. Movant-intervenor Zero Emission Transportation Association takes no position.

The petitions for review challenge EPA's action, "California State Motor Vehicle and Engine Pollution Control Standards; Advanced Clean Cars II; Waiver of Preemption; Notice of Decision," 90 Fed. Reg. 642 (Jan. 6, 2025). These cases

have been in abeyance since March.  *See* EPA's Unopposed Mot. to Hold Cases in Abeyance (Mar. 14, 2025); Order (Mar. 27, 2025).

The challenged waiver is also the subject of consolidated petitions for review in the Ninth Circuit.  *See Am. Free Enter. Chamber of Commerce*, Case No. 25-106 and consolidated cases (9th Cir.) (*AmFree*).

In May 2025, Congress passed a bipartisan joint resolution under the Congressional Review Act disapproving the challenged waiver.  *See* 5 U.S.C. § 802; H.R.J. Res. 88, 119th Cong. (2025).  The President signed the resolution into law in June.  Pub. L. No. 119-16, 139 Stat. 66 (2025) (stating that the waiver "shall have no force or effect"); *see also* EPA's Unopposed Mot. to Hold Cases in Abeyance (June 11, 2025).[1]

The challenged waiver, in short, has been invalidated by statute.  On that basis, earlier this month EPA moved to dismiss the Ninth Circuit petitions challenging the waiver.  *See* EPA's Mot. to Dismiss, *AmFree* (9th Cir. Aug. 13, 2025); *see also* Order, *AmFree* (9th Cir. July 16, 2025) (staying judicial proceedings until August 14, 2025).  The petitioners in those cases—some of whom are also Petitioners here—filed their own response supporting EPA's motion.  Petitioners' Joint Response to EPA's Mot. to Dismiss, *Amfree* (9th Cir.

---

[1] California and other movant-intervenors have challenged the statute's validity in federal district court.  *Calif. v. United States*, Case No. 25-4966 (N.D. Cal.).

2

Aug. 25, 2025). California and other movant-intervenors also intend to respond. *See* Movant-Intervenors States' Mot. for an Extension of Time to File Resp. to Mot. to Dismiss, *AmFree* (9th Cir. Aug. 18, 2025).

Given the Ninth Circuit litigation and to preserve the limited resources of the Court and the parties, EPA requests that these consolidated cases be left in abeyance pending the Ninth Circuit's decision on EPA's motion to dismiss, with motions to govern due 30 days after that decision.

Submitted on August 27, 2025.

Adam R.F. Gustafson
Acting Assistant Attorney General

　　　*/s/ Sue Chen*　　　
Sue Chen
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
202.305.0283
Sue.Chen@usdoj.gov

**Certificates of Service and Compliance**

I certify that this filing complies with Fed. R. App. P. 27(d)(1)(E) because it uses 14-point Times New Roman, a proportionally spaced font.

I also certify that this motion complies with Fed. R. App. P. 27(d)(2)(A), because by Microsoft Word's count, it has 417 words, excluding the parts exempted under Fed. R. App. P. 32(f).

Finally, I certify that on August 27, 2025, I filed the foregoing with the Court's CMS/ECF system, which will notify each represented party.

*/s/ Sue Chen*
Sue Chen
